Kay Coles JAMES, Director of the Office of Personnel Management, Petitioner,

v.

Mary Rose TABLERION, Respondent.

No. 708.

United States Court of Appeals, Federal Circuit.

Oct. 2, 2002.

Before MICHEL, CLEVENGER, and PROST, Circuit Judges.

ON OPM PETITION FOR REVIEW

PROST, Circuit Judge.

ORDER

Kay Coles James, Director of the Office of Personnel Management (OPM), peti-

tions for review of an arbitrator's decision reversing the Internal Revenue Service's (IRS) removal of Mary Rose Tablerion. Tablerion opposes.

The IRS removed Tablerion, a revenue agent, for allegedly threatening to audit a taxpayer (her ex-husband) for the purpose of extracting personal gain or benefit in violation of the Internal Revenue Service Restructuring and Reform Act of 1998(RRA), Pub.L. No. 105–206, section 1203(b)(10) (now codified as a note to 26 U.S.C. § 7804). At issue is a voicemail message Tablerion left for her ex-husband in which she states that if he does not give her certain tax forms relating to their children, she "will write the IRS and, and, uh inform them to audit your returns."

Section 1203(b) provides that, to be actionable, the threat must occur "in the performance of the employee's official duties." The arbitrator interpreted this provision to mean "the Agency must demonstrate that Ms. Tablerion 'leveraged' or misused her official position in order to prove the 'performance of official duties' element." The arbitrator concluded that the statute at issue was ambiguous and penal in nature and, thus, should be "construed most favorably to [Tablerion]." The arbitrator determined:

> There is nothing about the ... statement that demonstrates a misuse of the Grievant's position. For example, this is not an instance in which Ms. Tablerion has stated "I will have you audited" or "I will audit you" but rather a circumstance in which she stated "I will write the IRS and ... inform them to audit your returns .... " Indeed, the "I will write" phraseology indicates a lack of control by Ms. Tablerion, inconsistent with leveraging a position. Except for Ms. Tablerion's status as an IRS employee, there is nothing about her statement that suggests the use of influence

or her position and is no different than what might be expected of someone who is not employed by the IRS.

> . . . .

> In sum, I do not find that such a statement—a statement that could have easily come from a non IRS employee and with no mention or even implication of the use of the position or IRS contacts— is converted into actionable misconduct within "the performance of an employee's official duties", simply because the employee who made the statement is an IRS employee.

The arbitrator further found that Tablerion's statements to her ex-husband were not "threatening in nature," relying in part on a subsequent message Tablerion left her husband stating that she "didn't threaten to have [him] audited" and that she did not have the "authority or ability" to do so. The arbitrator applied factors set forth in *Metz v. Department of Treasury*, 780 F.2d, 1001, 1004 (Fed.Cir.1986), a case involving threats of physical harm. One factor the arbitrator considered was whether there was "any conditional nature of [Tablerion's] statement" to her ex-husband. The arbitrator reasoned:

> And, while not dispositive, Ms. Tablerion's statements to her husband were conditional—the fourth [*Metz*] factor— which typically weighs against a finding of threatening conduct.... In that regard, Ms. Tablerion stated only that she would "write the IRS" if she did not get back the forms that she had signed.

> . . . .

> [I]n view of the insubstantial evidence that Mr. Tablerion reacted as if the statement was a threat, or that he was apprehensive that he would be audited because of the charged statement, as well as the evidence reflecting that the statement was conditional ... the Agency has failed to prove that the statement

relied on in its charge was threatening in nature.

Based on his interpretation of the RRA, the arbitrator ordered Tablerion's reinstatement with back pay. The Office of Personnel Management (OPM) petitioned for reconsideration. The arbitrator denied OPM's motion and OPM petitioned the court for review.

■ OPM may seek review of an arbitrator's decision when it determines that the arbitrator's decision "will have a substantial impact on a civil service law, rule, regulation or policy directive." 5 U.S.C. §§ 7703(d), 7121(f). This court must independently determine whether an exercise of our jurisdiction is warranted and whether OPM has shown the requisite substantial impact. *Devine v. Sutermeister*, 724 F.2d 1558, 1562 (Fed.Cir.1983). When the interpretation of a statutory or regulatory provision is at issue, it is particularly appropriate to grant an OPM petition for review. *See, e.g., King v. Hillen*, 21 F.3d 1572 (Fed.Cir.1994); *Brook v. Corrado*, 999 F.2d 523 (Fed.Cir.1993); *Horner v. Schuck*, 843 F.2d 1368 (Fed.Cir.1988).

■ In this case, OPM maintains that because, among other things, it is undisputed that Tablerion's ex-husband knew she was an IRS agent, the arbitrator's analysis is faulty and his decision contravenes the plain meaning and purpose of the RRA. OPM states that the arbitrator's decision will have substantial impact on civil service law, arguing:

First, the arbitrator's erroneously restrictive reading of the RRA to prohibit statements that threaten audit to extract personal gain only if they also indicate that the speaker exercises control over the audit process deprives the law of its effectiveness. The legislative history indicates Congress' clear intent to prevent IRS employees from abusing their position and, specifically, to prevent threatening audit to extract personal gain. There can be no doubt that the grievant's statement in this case was of the type that Congress sought to eliminate. Absent reversal of this decision, the civil service law will not be functioning as Congress intended.

Second, the arbitrator's application of patently inconsistent standards for analyzing whether a statement constitutes a threat, further weakens the RRA in a way that Congress never envisioned. The clear language of the RRA prohibits statements uttered to extract personal gain. The conditional language of the RRA is clear, yet the arbitrator applied a factor from the *Mertz* decision analyzing threatening behavior that contradicts the language requiring a quid pro quo in the RRA. The arbitrator's finding that the grievant's statement was not threatening based upon the application of a factor that contradicts the RRA's language substantially impacts the administration of this civil service law because it prevents its application as congress intended.

Under these circumstances, we agree with OPM that review of the arbitrator's decision is warranted.

Accordingly,

IT IS ORDERED THAT:

(1) OPM's petition for review is granted.

(2) The revised official caption is reflected above.